## BERKOW v. LAMPEL.

(Supreme Court, Appellate Term.  November 11, 1910.)

1. APPEAL AND ERROR (§ 1151*)—CORRECTION OF JUDGMENT ON APPEAL.
   The court on appeal may correct a patent error in the judgment, in calculating the amount for which it should be rendered.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506;  Dec. Dig. § 1151.*]

2. CONTRACTS (§ 47*)—CONSIDERATION—NECESSITY.
   A promise to pay the debt of another must be supported by a sufficient consideration.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 332;  Dec. Dig. § 47.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris M. Berkow against Samuel Lampel.    From a judgment for defendant, plaintiff appeals.    Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Jacob J. Schwebel, for appellant.

Isaac Schmal, for respondent.

BIJUR, J.    This action was brought to recover an agreed price for finishing 249 pairs of pants at 25 cents apiece.    Defendant admits

plaintiff's claim, amounting to $62.25, but counterclaims two sums of $30 and $24.90, a total of $54.90. The respondent concedes that, at the best, judgment should be rendered against him for $7.35. Judgment was actually rendered in his favor for the amount of his counterclaim of $54.90, plus $20 costs, a total of $74.90. This is a patent error, due, no doubt, to oversight, and the judgment would be corrected accordingly, were it not that I find that there must be a new trial.

Defendant's counterclaim of $30 is based upon a loan of that amount said to have been made by defendant to one Foster, a former partner of the plaintiff, which loan, it is alleged, plaintiff assumed to pay. Not only is there an absence of sufficient evidence to prove that plaintiff assumed this obligation, but there is a patent absence of consideration for his agreement. As plaintiff does not plead that this is a guaranty, and void under the statute of frauds as not being in writing, I shall not advert to that point.

The remainder of the counterclaim is for the cost, at 10 cents a pair, of "busheling" the pants delivered by the plaintiff; it being alleged that they were defective in workmanship. The evidence, however, on this point, is equally vague and unsatisfactory, and there is no proof that defendant paid, or is liable for, the amount claimed for the purpose indicated.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.